IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT S. LLOYD, # 250886, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v | ) Civil Action No. 2:09cv852-ID |
| | ) (WO) |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| CORRECTION, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed on or around September 8, 2009, by state inmate Robert S. Lloyd ("Lloyd"). (*Doc. No. 1.*) In his petition, Lloyd challenges his convictions and sentence for first-degree sodomy and rape entered against him in 2008 by the Circuit Court of Butler County, Alabama.

Pursuant to this court's orders, the respondents filed an answer to Lloyd's petition in which they argue that Lloyd has failed to exhaust his state remedies with respect to each of the claims presented in his habeas petition. (*Doc. No. 17.*) Specifically, the respondents maintain that the claims in Lloyd's petition are still pending before the state trial court in a post-conviction petition filed pursuant to Ala.R.Crim.P. 32. This court entered an order directing Lloyd to show cause why his habeas petition should not be dismissed for his failure

to exhaust state remedies.  (*Doc. No. 18*.)  However, Lloyd filed nothing in response to the court's order.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c).").  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c). In order to fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, *supra*, 526 U.S. at 845.

Here, the respondents maintain that Lloyd has pending in the state trial court a post-conviction petition filed pursuant to Ala.R.Crim.P. 32.  Lloyd does not state otherwise.  It thus appears that Lloyd has not yet exhausted his state court remedies with respect to the claims presented in his federal petition.  This court does not deem it appropriate to rule on the merits of Lloyd's claims without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Consequently, the court concludes that the petition for habeas

corpus relief should be dismissed without prejudice so that Lloyd can exhaust his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Lloyd an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 4, 2010.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

Done this 19th day of January, 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

3